IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LINCOLN PETTAWAY,                      §
                                       §
            Plaintiff,                 §
                                       §
v.                                     §
                                       §
HOUSTON FEDERATION OF                  §        CIVIL ACTION NO. H-07-0922
TEACHERS, LOCAL 2415, and              §
ANDY DEWEY, EXECUTIVE VICE             §
PRESIDENT, In His Official             §
Capacity,                              §
                                       §
            Defendants.                §

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiff, Lincoln Pettaway's, Motion for Remand (Docket Entry No. 3) to which Defendants, Houston Federation of Teachers, Local 2415, and Andy Dewey, Executive Vice President, in his official capacity, have filed a Response (Docket Entry No. 6).  For the reasons set forth below, plaintiff's motion will be denied.

**I.  Background**

On March 20, 2007, plaintiff, Lincoln Pettaway, filed an Original Petition and Request for Declaratory Judgment, Temporary Restraining Order and Temporary Injunctive Relief in the 11th Judicial District Court for Harris County, Texas, cause number

2007-16628.[1]  The petition alleges that plaintiff, a teacher and member of defendant Houston Federation of Teachers (the "Federation"), announced his candidacy for the presidency of the Federation under the rules set forth in the Federation's constitution.[2]  The election ballots were mailed on March 7, 2007, and were to be postmarked no later than March 22, 2007, and counted on the evening of March 26, 2007.[3]

According to the Federation's constitution the Federation's Executive Council is to appoint a Nominating Committee, which, among other things, serves as the elections committee.[4]  Plaintiff alleges that the Federation's Executive Committee failed to appoint a nominating committee, thereby violating the election procedures set forth in its constitution and denying him the right to a fair election.[5]

Defendants timely removed the action to this court on March 21, 2007, on the basis of federal question jurisdiction. Defendants allege that the court has jurisdiction under 28 U.S.C.

---

[1]Plaintiff's Original Petition, attached to Defendants' Notice of Removal, Docket Entry No. 1, Exhibit 1.

[2]_Id._ at unnumbered p. 3.

[3]_Id._, Exhibit 3.

[4]Plaintiff's Original Petition, attached to Defendants' Notice of Removal, Docket Entry No. 1, Exhibit 1, unnumbered p. 9.

[5]Plaintiff's Original Petition, attached to Defendants' Notice of Removal, Docket Entry No. 1, Exhibit 1, unnumbered p. 5.

§ 1331 because it involves a claim arising under the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 401, et seq.[6]  Defendants state:

> As a "labor organization" within the meaning of 29 U.S.C. Section 402(i), the conduct of an election of officers for the Houston Federation of Teachers is governed by 29 U.S.C. § 481, which sets up a comprehensive scheme regarding such elections.  Further, 29 U.S.C. § 482 sets up "an exclusive method" for protecting and enforcing these election procedures, first through the United States Department of Labor and then through the federal courts.[7]

Plaintiff filed the pending motion for remand on March 22, 2007 (Docket Entry No. 3), arguing that the LMRDA does not confer a basis for removal in this case.

## II.  Analysis

### A.  Standard of Review

Absent complete diversity of the parties, a federal question must be present in order for removal to be proper.  Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987).  A defendant's ability to remove an action from state court is further restricted by the well-pleaded complaint rule; federal question jurisdiction exists if the federal question is presented on the face of the complaint.  Actions may not be removed on the basis of a federal defense such as preemption even if the defense is anticipated in

---

[6]Defendants' Notice of Removal, Docket Entry No. 1, p. 2.

[7]Id.

the complaint and both parties concede that it is the only question at issue.  Id. at 2430.

"A corollary to the well-pleaded complaint doctrine is that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  Johnson v. Baylor Univ., 214 F.3d 630, 632 (5th Cir. 2000) (internal quotations omitted).   To establish complete preemption a party seeking removal must show that

> (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that claims brought under the federal law be removable.

Id. Where there is complete preemption, a plaintiff cannot use the well-pleaded complaint rule to escape federal court through artful pleading.  Rivet v. Regions Bank of Louisiana, 118 S. Ct. 921, 925 (1998).

**B.   The LMRDA**

Defendants assert that the Federation's election procedures are governed by Title IV of the LMRDA,[8] which "provides an elaborate postelection procedure aimed solely at protecting union

---

[8]Defendants have established through affidavit evidence that the Federation is a "labor organization" within the meaning of the LMRDA.  Defendants' Response to Motion for Remand, Docket Entry No. 6, Exhibit A, Affidavit of Gayle Fallon.  Plaintiff has not contested this issue in his Motion for Remand.

democracy through free and democratic elections, with primary responsibility for enforcement lodged with the Secretary of Labor." Local No. 82, Furniture & Piano Movers v. Crowley, 104 S. Ct. 2557, 2559 (1984).  Section 481 of the Act governs the election of union officers, requiring, among other things, that elections be conducted in accordance with the constitution and bylaws of such organization insofar as they are consistent with the other provisions of this title.  28 U.S.C. § 481(e).

Section 482 outlines the procedure that is to be followed by a union member who alleges a violation of Title IV and wants to challenge an election.  "He must first exhaust any internal remedies available under the constitution and bylaws of his union. Then he may file a complaint with the Secretary of Labor, who 'shall investigate' the complaint. Finally, if the Secretary finds probable cause to believe a violation has occurred, he shall . . . bring a civil action against the labor organization in federal district court, to set aside the election if it has already been held, and to direct and supervise a new election." Crowley, 104 S. Ct. at 2565 (internal quotations omitted).

Title IV also contains an exclusivity provision, which states:

Existing rights and remedies to enforce the constitution and bylaws of a labor organization with respect to elections prior to the conduct thereof shall not be affected by the provisions of this title.  The remedy provided by this title for challenging an election already conducted shall be exclusive.

29 U.S.C. § 483.  Based on this statutory scheme the Supreme Court has held that "Congress decided to utilize the special knowledge

-5-

and discretion of the Secretary of Labor in order to best serve the public interest" and "decided not to permit individuals to block or delay union elections by filing federal-court suits for violations of Title IV." Calhoon v. Harvey, 85 S. Ct. 292, 296 (1964).

A threshold issue with respect to Plaintiff's Motion for Remand is whether the election at issue in which the votes have been cast but not counted has been "already conducted" within the meaning of Title IV. Plaintiff argues that the election does not fit within this definition but provides no relevant authority in support of his argument.[9]   In Crowly, 104 S. Ct. 2557, the plaintiffs filed an action under Title I of the LMRDA, which provides union members with a bill of rights. Much like the present action, the plaintiffs sought to have an election invalidated where the ballots had been cast but not counted. Based on "strong policies vesting the Secretary with exclusive supervisory authority over new union elections" the Supreme Court held that "where the remedy sought is invalidation of an election already being conducted with court supervision of a new election, then union members must utilize the remedies provided by Title IV." Id. at 2570-71.

---

[9]Plaintiff, Lincoln Pettaway's, Motion for Remand, Docket Entry No. 3, pp. 7-8.  The cases cited by plaintiff, Craig v. Boudrot, 40 F. Supp.2d 494 (S.D.N.Y. 1999) (plaintiff seeking to compel a run-off election where no steps have been taken to begin the process), and Boling v. Int'l Brother of Teamsters, 224 F. Supp. 18 (E.D. Tenn. 1963) (claim of right to candidacy in "pending election" held to fall within the purview of Title IV's exclusivity provision), are inapposite, at best, to plaintiff's position.

Here, plaintiff seeks to enjoin defendants "[f]rom opening, counting and/or discard [sic] any ballots . . . ."[10]  The court is therefore persuaded that this election is "already conducted" within the meaning of Title IV.  Cf. McDonough v. Int'l Union of Operating Engineers, 470 F.2d 261, 264 (3d Cir. 1972) ("an election has been conducted once balloting has occurred"); Brown v. American Arbitration Ass'n, 717 F. Supp. 195, 201 (S.D.N.Y. 1989) ("An election is 'already conducted' within the meaning of § 483 once balloting has occurred, even though the ballots have not been counted.").

Because plaintiff challenges the validity of the election itself,[11] the court is also persuaded that his complaint is completely preempted.  Section 482 creates a comprehensive federal enforcement procedure that includes a civil action in federal court brought by the Secretary of Labor, and section 483 indicates Congress's intent to make this remedy exclusive with respect to "already conducted" elections.  All three prongs of the preemption analysis are therefore met.  Cf. Casumpang v. ILWU, Local 142, 269 F.3d 1042, 1057 (9th Cir. 2001) (conducting preemption analysis by examining plaintiff's complaint to determine whether he directly

---

[10]Plaintiff's Original Petition, attached to Defendants' Notice of Removal, Docket Entry No. 1, Exhibit 1, unnumbered p. 10.

[11]See Plaintiff's Original Petition, attached to Defendants' Notice of Removal, Docket Entry No. 1, Exhibit 1, unnumbered pp. 5, 8-10.

challenged the validity of the union election).   Plaintiff is therefore limited to the remedy provided by section 483 – filing a complaint with the Secretary of Labor.  <u>Hodgson v. Carpenters Resilient Flooring Local Union No. 2212</u>, 457 F.2d 1364, 1367 (3d Cir. 1972) ("It is clear since <u>Calhoon v. Harvey</u> that the only post election remedy, state or federal, is a suit by the Secretary against the Union under § [482] of the Act.").

### III.   <u>Conclusion and Order</u>

For the reasons stated above, the court concludes that plaintiff's claim is completely preempted by the LMRDA. Plaintiff's Motion for Remand (Docket Entry No. 3) is therefore **DENIED**.

**SIGNED** at Houston, Texas, on this 27th day of March, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE